### WOODROW vs. HENNEN

An allegation, it was in the defendant's power to collect money may be supported by proof that he had collected it.

An attorney at law who takes one debt for another placed in his hands for collection, is responsible to his client in money from the date of the transaction.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. This suit is brought to recover from the defendant a certain sum of money which the plaintiff alleges he undertook to collect or cause to be collected for her benefit, on a judgment which had been regularly transferred to him for that purpose. She charges him with want of legal diligence, in not having procee-

Eastern Di.'t.
*June,* 1827.

WOODROW
*vs.*
HENNEN.

ded by execution on said judgment, in the most prompt and summary manner, as authorised by law. The defence is due diligence used without success in obtaining the money. The cause was submitted to a jury in the court below, who found a verdict for the plaintiff, and judgment being rendered according thereto, the defendant appealed.

The facts of the case as shewn by the record, seem to be the following. The plaintiff placed in the hands of the defendant for collection, a note payable to her, subscribed by one J. C. Brent, amounting to $2455. To effect the payment of this debt, he received from Brent by assignment, a judgment which had been obtained by the latter against J. Erwin, for $3250, the judgment of which, it is alleged might have been legally enforced previous to the commencement of this suit.

The evidence shews that this judgment was finally settled and discharged by Erwin, the defendant in execution, in a transaction between him and the agents or attorneys employed by the defendant, to cause it to be collected, in the month of June, 1826.

In the course of the trial in the court below, a bill of exceptions was taken by the counsel

Eastern Dist for the plaintiff, to an opinion of the judge *a*
June, 1827.
*quo* by which he rejected testimony offered to
WOODROW
*vs.* prove the actual collection of the money from
HENNEN.
Erwin, on the ground that the petition contained no allegation to that effect. We think the judge erred in rejecting this testimony. It is alleged in the petition that it was in the power of the defendant to have caused the money to be collected, previous to the institution of the present action. To prove the truth of this allegation, it is difficult to imagine stronger evidence, than that which shews that the collection was really made. It is true that it was effected by a compromise, in pursuance of which a part of the sum did not probably come into the hands of the appellee until since the commencement of this suit: but according to legal intendment, he must be considered as responsible to the plaintiff from the date of the transaction made by his agents, as that was entered into without her consent; or at least, none is shewn. The evidence of the case does not establish any negligence on the part of the defendant. His diligence however, cannot authorise him to retain the money which he has collected, it must legally be presumed to have been collected for the plaintiff. A tender

of the amount in the court below, under all the Eastern Dis't *June,* 1827. circumstances of the cause would probably, have relieved him from costs; but that was not made, the judgment of the district court ought to be affirmed with costs.

*Buchanan* for the plaintiff, *Hennen* for the defendant.